Mr. Max Brantley, Editor Arkansas Times 201 E. Markham Little Rock, Arkansas 72201
Dear Mr. Brantley:
You have requested an official Attorney General's opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA), concerning certain records that you have requested from the Office of the Governor.
You indicate that you requested to be allowed to inspect the personnel file of former state employee Kamala Williams under the FOIA. The governor's office declined to grant your request, stating that the records in question are exempt from disclosure under the FOIA's "working papers" exemption, and under the FOIA's "personnel records" exemption.See A.C.A. §§ 25-19-105(b)(7) and -105(b)(10). I am required by the provisions of A.C.A. § 25-19-105(c)(3)(B) to render an opinion as to whether the decision of the custodian of the records is consistent with the FOIA.
I must note as an initial matter that I have not been provided with any of the records in question and therefore have not had an opportunity to review the records. For this reason, I am unable to opine definitively as to the disclosability of the records. Nevertheless, I can analyze this situation generally, in light of the applicable law.
I must also note that employee-related documents can constitute either "personnel records" or "job performance/employee evaluation records" (or neither) within the meaning of the FOIA. The difference is significant, because the release of the two types of documents is governed by different standards. Accordingly, I will discuss the standard applicable to each.
The Disclosability Standard for Personnel Records
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10).
What is a Personnel Record?
An initial question, then, is whether the records you requested constitute "personnel records." It is my opinion, as explained more fully below, that if the records you requested pertain to the individual's employment, but are not employee evaluations or job performance records, they would most likely be held by a court to constitute "personnel records."
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has provided some interpretive discussion of the issue that could be helpful in evaluating particular records. Professor Watkins notes that "virtually all records pertaining to individual employees, former employees, or job applicants are covered by [A.C.A. § 25-19-105(b)(10)." Watkins, supra, at 125. He goes on to give specific examples of the types of records that could constitute personnel records, suggesting that the records maintained in personnel files be considered as a starting point for determining what constitutes a "personnel record." The records maintained in such files, Professor Watkins points out, include applications for employment, resumes, grade transcripts, payroll related documents (including information as to reclassifications, promotions, or demotions), transfer records, health and life insurance forms, performance evaluations and ratings, letters of recommendation, complaints, requests for leave without pay, certificates for advanced education or training programs, and legal documents (such as garnishment orders and subpoenas). Id. at 125-26. Again, however, Professor Watkins names these personnel file records as constituting only a starting point, and he notes that the language of the FOIA is broad enough to encompass other records pertaining to personnel. He specifically recommends, for example, that materials such as interview notes, records showing annual leave and sick leave, equal employment opportunity grievance files, workers' compensation documents, and medical records, although not included in personnel files, also be considered personnel records. (It should be noted that some of the records mentioned above might be subject to specific exemptions set forth in other sections of the FOIA.)
If the records you requested are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of the personal privacy of the former state employee whose records they are.
What is a "Clearly Unwarranted Invasion of Personal Privacy"?
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. Unless the custodian of the records you requested can establish factually that the release of these records would constitute a clearly unwarranted invasion of the personal privacy of the former employee in question (by showing that the former employee's privacy interest in the records outweighs the public's interest in the records), the "personnel records" exemption will not apply to these records, and they should be released.
The Standard of Disclosability for Employee Evaluation/Job PerformanceRecords
"Employee evaluation or job performance records" are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
What is an Employee Evaluation/Job Performance Record?
A threshold question, therefore, is whether the records you requested constitute employee evaluations or job performance records.
The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If the records you requested are, in fact, employee evaluations or job performance records, the above-stated three part standard must be applied.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. The records you requested can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
What is a "Compelling Public Interest"?
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, The Arkansas Freedom of Information Act
(mm Press 2d ed. 1994) at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. WATKINS, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
The fact that the former employee whose records you requested worked directly with the state's highest executive officer would tend to indicate, under Professor Watkins' guidelines, that there is a compelling public interest in records reflecting that work and the reason for its termination. If so, the records should be released.
The "Working Papers" Exemption
The FOIA states the following exemption from disclosure:
25-19-105. Examination and copying of public records.
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (7) Unpublished memoranda, working papers, and correspondence of the Governor, members of the General Assembly, Supreme Court Justices, and the Attorney General. . . .
A.C.A. § 25-19-105(b)(7).
I am not aware of the specific basis upon which the governor's office has asserted that the records you requested are exempt under the above-quoted "working papers" exemption. However, you have provided me with a copy of the denial of your request by the office of the governor, in which it was stated that "documents in the possession of the Governor are considered exempt under the commonly referred to `working papers' exemption. . . ." There is no support in the law for the proposition that the mere possession of a record by the governor's office transforms that record into the governor's "working paper." See Op. Att'y Gen. No. 97-369. Although it is conceivable that in a very narrow set of circumstances, employee-related records that would otherwise be subject to disclosure could be deemed to constitute exempt "working papers," the existence of such circumstances can only be determined on a case-by-case basis, after a review of the specific records in question. Without the benefit of a review of this nature, I cannot state as a matter of law generally that all documents in the governor's possession are exempt from disclosure under the "working papers" exemption — particular when many such documents would be disclosable under the more specific provisions of the FOIA, such as the personnel records provisions.
A Constitutional Issue
Finally, I must point out a basis upon which all of the documents that you requested — even if subject to disclosure under the FOIA — could, depending upon their contents, be considered exempt from disclosure. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v.City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). TheMcCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh